UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY S. ZEFF, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No.  04-12453-MEL |
| ) | |
| UNUM PROVIDENT CORPORATION; ) | |
| and UNUM LIFE INSURANCE ) | |
| COMPANY OF AMERICA, INC., ) | |
| ) | |
| Defendant ) | |

## ANSWER

UNUM Provident Corporation and UNUM Life Insurance Company of America, collectively ("UNUM") answers Plaintiff's Complaint as follows:

## FIRST DEFENSE

1. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant Unum admits the material allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant Unum denies that Unum Life Insurance Company of America's principal place of business is in the City of Chattanooga, Tennessee. Otherwise, Defendant Unum admits the material allegations contained in Paragraph 3 of Plaintiff's Complaint.

{W0310563.1}

4.     Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 1 of Plaintiff's Complaint.

5.     Defendant Unum denies the material allegations contained in Paragraph 5 of Plaintiff's Complaint as to Defendant Unum Provident.  Defendant Unum admits the material allegations contained in Paragraph 5 of Plaintiff's Complaint as to Defendant Unum Life Insurance Company of America.

6.     Defendant Unum the material allegations contained in the Paragraph 6 of Plaintiff's Complaint.

7.     In response to Paragraph 7 of Plaintiff's Complaint, Defendant UNUM admits that Plaintiff was insured under the policy, otherwise Defendant UNUM denies the material allegations contained in paragraph 7 of Plaintiff's Complaint.

8.     In response to paragraph 8 of Plaintiff's Complaint, Defendant Unum states that the Exhibit A speaks for itself and denies the material allegations contained in paragraph 8 to the extent they are incomplete and/or inconsistent with Exhibit A.

9.     In response to paragraph 9 of Plaintiff's Complaint, Unum states that the policy speaks for itself and denies the material allegations contained in paragraph 9 to the extent they are incomplete and/or inconsistent with the policy.

10.    In response to paragraph 10 of Plaintiff's Complaint, Unum states that the policy speaks for itself and denies the material allegations contained in paragraph 10 to the extent they are incomplete and/or inconsistent with the policy.

11.     In response to paragraph 11 of Plaintiff's Complaint, Unum states that the policy speaks for itself and denies the material allegations contained in paragraph 11 to the extent they are incomplete and/or inconsistent with the policy.

12.     Defendant Unum denies the material allegations contained in paragraph 12 of Plaintiff's Complaint.

13.     Defendant Unum is without knowledge or information sufficient to form a belief as to the material allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     Defendant Unum admits the material allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     Defendant Unum admits that Plaintiff submitted an Attending Physician's Statement from Dr. Rice, the content of which speaks for itself and denies the material allegations contained in paragraph 15 to the extent they are incomplete and/or inconsistent with the APS.

16.     Defendant Unum admits that Plaintiff has submitted records and reports of physicians, the terms of which speak for themselves and denies the material allegations contained in paragraph 16 to the extent they are incomplete and/or inconsistent with the records and reports.

17.     Defendant Unum admits that Unum Life Insurance Company of America sent Plaintiff a letter dated January 14, 2003, the terms of which speak for themselves and denies the material allegations contained in paragraph 17 to the extent they are incomplete and/or inconsistent with the letter.

18.     Defendant Unum admits that Plaintiff submitted an appeal dated July 10, 2003. In further answering, Defendant Unum states that its January 14, 2003 letter speaks for itself and denies the material allegations contained in paragraph 18 of Plaintiff's Complaint to the extent they are incomplete and/or inconsistent with the letter.

19.     Defendant Unum admits that Plaintiff has submitted records and reports of physicians, the terms of which speak for themselves and denies the material allegations contained in paragraph 19 to the extent they are incomplete and/or inconsistent with the records and reports.

20.     Defendant Unum denies the material allegations contained in paragraph 20 of Plaintiff's Complaint.

21.     Defendant Unum denies the material allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     Defendant Unum admits the material allegations contained in paragraph 22 of Plaintiff's Complaint.

23.     In response to paragraph 23 of Plaintiff's Complaint, Defendant Unum admits that Plaintiff's claim was not denied due to failure to comply with procedures or requests for information.

24.     Defendant Unum denies the material allegations contained in paragraph 24 of Plaintiff's Complaint.

25.     Defendant Unum denies the material allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     Defendant Unum denies the material allegations contained in paragraph 26 of Plaintiff's Complaint.

27.     Defendant Unum denies the material allegations contained in paragraph 27 of Plaintiff's Complaint.

28.     Defendant Unum denies the material allegations contained in paragraph 28 of Plaintiff's Complaint.

29.     Defendant Unum denies the material allegations contained in paragraph 29 of Plaintiff's Complaint.

30.     Defendant Unum denies the material allegations contained in paragraph 30 of Plaintiff's Complaint.

## SECOND DEFENSE

The Complaint and each and every purported claim for relief therein fails to state a claim for which relief can be granted.

## THIRD DEFENSE

To the extent the Complaint seeks remedies not provided for under ERISA, those remedies are preempted by ERISA.

## FOURTH DEFENSE

The recovery herein, if any, is limited to the terms, conditions, limitations, exclusions and other provisions of the Policy.

## FIFTH DEFENSE

Defendant has complied with and performed all of its promises, obligations and duties to Plaintiff under the Policy and the handling of the claim for disability benefits under the Policy complied fully with the terms and conditions of ERISA.

**SIXTH DEFENSE**

The demand for attorney's fees should not be granted under ERISA because Defendant's handling of the claim was reasonable and all actions in the handling of said claim were taken in good faith.

**SEVENTH DEFENSE**

Each and every act or statement done or made by Defendant and its officers, employees and agents with reference to Plaintiff was a good faith assertion of Defendant's rights and, therefore, was privileged and/or justified.

**EIGHTH DEFENSE**

The Policy contains monthly benefits reductions, including but not limited to reductions for "Other Income Benefits."

**NINTH DEFENSE**

Even if Plaintiff is currently disabled and eligible for benefits under the terms of the Policy, which contentions Defendant denies, such determinations do not mean that Plaintiff is entitled to future benefits under the Policy given, *inter alia*, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

**TENTH DEFENSE**

Defendant's decisions were neither arbitrary nor capricious.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred due to Plaintiff's failure to satisfy the condition precedents of the Policy.

**TWELFTH DEFENSE**

Plaintiff is not entitled to a jury trial under ERISA, and therefore Plaintiff's request for a jury trial, if any, must be stricken.

**REQUEST FOR RELIEF**

WHEREFORE, Defendant respectfully requests: (i) that the Court strike Plaintiff's request for a jury trial; (ii) that the Court dismiss the claims against Defendant with prejudice and that judgment be entered in Defendant's favor on such claims; (iii) that Defendant be awarded its costs of suit incurred herein, including reasonable attorneys' fees; and (iv) that the Court grant such other relief as is appropriate under the circumstances of this case.

Dated: January 25, 2005

/s/ John J. Aromando
John J. Aromando

PIERCE ATWOOD LLP
One Monument Square
Portland, ME 04101
(207) 791-1100

Attorneys for Defendants
UNUM Provident Corporation and
UNUM Life Insurance Company
of America

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 24, 2005, I electronically filed the Defendants' Answer with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Richard K. Latimer
Kistin Babitsky Latimer & Beitman
Box 590, 13 Falmouth Heights Road
Falmouth, MA  02541

Dated: January 25, 2005                /s/ John J. Aromando
                                              John J. Aromando, Esquire

                                              Pierce Atwood LLP
                                              One Monument Square
                                              Portland, ME  04101